Parker C. J.
delivered the opinion of the Court. We have thought in this case, that the only question which required much consideration, was, whether the construction of the 5th section of the statute of limitations contended for by the counsel for the défendants, had as much soundness in it as ingenuity. It had never occurred to us, nor do we recollect that it has been before suggested. But after due considera tian, we adopt the most natural construction as that which is most conformable to the spirit of the statute and the intention of the legislature. The section provides substantially, that promissory notes, attested by a witness, shall be recoverable, notwithstanding the statute, if the action is brought by the original promisee or his legal representative. We cannot think it was intended to prevent the negotiability or transfer of such notes, or that they ceased to be assignable after the expiration of six years. The only effect of the statute is to deprive such notes of the protection of this section against the statute of limitations, if they should be transferred. They are then upon the footing of notes not witnessed, and are liable to be barred by the statute.[1]
We cannot doubt that the evidence reported is sufficient to warrant the verdict, upon the ground of an acknowledgment or new promise, within the principles of the case of Bangs v. Hall [2] Certainly in regard to Barker, one of the defendants, there can be no question. The note was in suit; he admitted it was due, and was willing to pay it, if taken out of the law, *400 and the suit was discontinued. This was not only a sufficient acknowledgment, but the forbearance formed a new considelation, if that were wanting.
With respect to Jennings, the other defendant, — our law does not recognise any distinction between principal and surety, as to their liability to the payee or holder of a note. If recoverable against one, it is against the other. The case of Hunt v. Bridgham is very strong to this point. We believe the law to be, that where there are two joint contractors for the payment of money, the admission of one binds the other. There is but one debt, and whatever establishes the debt, operates against both contractors.[3] We never have adopted the law stated to be settled in the New York case of Pain v. Packard, that a surety may discharge himself, if upon request the creditor does not sue the principal. And indeed it is to be doubted, from the considerations suggested by this Court in ths case of Crane v. Newell, whether that is the law of New York.[4]
The cases cited of a discharge to the surety, where the principal may still be holden, are chiefly cases of obligation to perform some duty other than the payment of money, where the terms of the contract are changed by the obligee without the consent of the surety; as in the case of Boston Hat Manufactory v. Messinger et al. 2 Pick. 223. There seems to be no reason, in the case of money contracts, for discharging the surety because the promisee neglects to sue the principal, for the surety may pay the debt and then bring an action himself.[1]

Defendants defaulted.

 See Revised Stat. c. 120, § 4; Smith v. Dunham, 8 Pick. 246.

 See the cases collected on this head, in 2 Pick. (2d ed.) 374, note ante 112, n. 1

 The correctness of this principle has been frequently doubted and denied. See the discussion of it in Exeter Bank v. Sullivan, 6 N. Hamp. R. 124; Bell v. Morrison, 1 Peters’s Sup. Ct. R. 363; Levy v. Cadet, 17 Serg. & Rawle, 126; Searight v. Craighead, 1 Rawle, Penrose & Watts, 135; Sigourney v. Drury, 14 Pick. 391. See the cases on this head collected in 2 Pick. (2d ed.) 583, n. 1.
It is now enacted by statute in Massachusetts, that a new promise, even in writing, by one joint contractor, shall not bind any other. Revised Stat. c. 120, § 14. So in England. See 2 Stark. Ev. (5th Amer. ed.) 483.

 See Warner v. Beardsley, 8 Wendell, 199, Huffman v. Hulbert, 13 Wendell, 377.
See the cases upon this point collected in 2 Pick. (2d ed.) 585, n. 3; *401 614, n. I; from which the weight of authority seems to be in favor of the decision in the text. See also ante, 340, n. 1.